### JIM ELLISTON v. THE STATE.

No. 3875. Decided January 30, 1907.

**1.—Misdemeanor—Theft of Money—Self-Serving Declaration.**

Upon trial for theft of money, there was no error in excluding the opinion of witness as to whether the defendant found the money alleged to have been stolen.

**2.—Same—Voluntary Return of Stolen Property.**

Upon trial for theft, where it was not shown that the same property that was taken by defendant was returned, such defense could not be interposed, and there was no error in refusing a charge on this phase of the case.

Appeal from the County Court of Collin. Tried below before the Hon. F. E. Wilcox.

Appeal from a conviction of theft under the value of $10; penalty, twenty-five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of voluntary return of property: Taylor v. State, 8 Texas Ct. Rep., 102; Dalton v. State, Tyler Term, 1906.

DAVIDSON, Presiding Judge.—Appellant was convicted of a theft of $10. The evidence shows that the owner Newt Logan had a ten dollar bill in his pocket; that appellant and the alleged owner and others were in the upstairs of a house drinking beer; that Logan some time after they parted company where they were drinking the beer missed the ten dollar bill; that he saw one of the number, a man by the name of Holsonbake, later during the day and mentioned to him that he had lost a ten dollar bill. Holsonbake told him that he saw appellant pick up a ten dollar bill off the floor where they were drinking the beer. Logan went at once to see appellant, and told him what Holsonbake said. Appellant said: "Newt, I did not pick up any ten dollar bill off the floor over the restaurant and did not find your money." A day or two later the owner went into the meat market where appellant was working, and appellant said to him, "Newt, I reckon you still think I got your ten dollar bill." Witness told him that he did not know who got it, but he knew he lost it. Appellant then said, "Newt, I had rather give you $10 than have you think I took your money," and further stated that he would pay him the $10 as soon as he could get up that much. Some days afterward appellant paid Logan $10. This witness stated that he could not swear that he had the ten dollar bill at the time, but that he ran his hand in the pocket where the ten dollar bill was supposed to be and got out some change to contribute his part in making up a sum to send for another keg of beer. He further stated that he did not know where he lost the ten dollar bill; could not say that he had it in his pocket at the time he was in the upper room drinking beer, but he knew he had lost it. Holsonbake testified in regard to drinking beer as did the former witness, and that he saw appellant pick up a ten dollar bill from the floor while they were drinking beer, and went with Logan to see appellant about it, and appellant denied it and said it was a piece of paper he picked up. This witness, upon cross-examination, said he would not swear that there was a ten dollar bill on the floor, that he did not see any ten dollar bill lying on the floor, and did not see any one drop a ten dollar bill on the floor, but he said, "I do swear that I saw Elliston unfold a ten dollar bill after he stooped down and picked up something off the floor."

This should have occurred along about the middle of August. On the 14th of the following October a bill of indictment was returned against appellant charging him with the theft of the money.

On cross-examination appellant asked Logan the following questions: "Did you believe or from the surrounding circumstances did you have reason to believe that Jim Elliston found the ten dollar bill that you lost?" Objection was urged to this and sustained by the

court. The witness would have answered that he did not believe the defendant found the ten dollar bill that he lost, and that he had no reason to believe that he did from the surrounding circumstances. The object and purpose of this testimony is not stated in the bill, we believe the court was correct, however, in excluding the opinion and belief of the witness in regard to this matter.

It is contended that the evidence is not sufficient. We are of opinion that it is. Appellant says the court erred in refusing to instruct the jury in regard to the law of voluntary return of stolen property. The court was correct in refusing this charge. The issue of voluntary return is not raised by the testimony. It is unnecessary to mention but one reason why this charge was properly refused, and that is: it is not shown that the same property that was taken was returned. In order to constitute voluntary return of property it is necessary that the same property be returned that was taken. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*